ELIZABETH C. CRUM *v.* BENJAMIN W. BROWN et al.

**Demurrer — Equities in Bill.**

> A bill charges the procurement of the transfer of property of A. by deed to B. to secure payment of bond of C. Said bond was vacated and B., attorney, holds the property for fee for services. The bill charges payment of part of the fee and offers equitable payment of balance. *Held*, that a demurrer thereto should have been overruled.[1]

Plaintiffs filed their bill in the Chancery Court of Alcorn county to vacate several certain deeds, filed and recorded in said county, alleging the following facts: Their son, L. G. Crum, had been indicted by the grand jury and remanded to jail, and upon trial by habeas corpus, his bond was reduced from $2,000 to $1,200, and, in order to make said bond, they deeded all of their

---

[1] D. having been arrested and imprisoned on a criminal charge, his mother and father, in order to procure his release from custody till the next term of the court thereafter, procured N. to become surety on his bond for appearance, and on the 15th of June, 1876, executed jointly a deed of trust on her lands to indemnify M. against any loss on account of the forfeiture of the bond. On the 16th of January, 1877, D.'s mother, Mrs. H., and her husband, for a valuable consideration, sold and conveyed the same land to C., who had notice, actual and constructive, of the existence of the trust deed for the benefit of M. D. failed to appear as required by his bond, a forfeiture was taken thereon, and M. had to pay the cost of the proceedings on the bond, though not the penalty thereof. He then caused the trustee in the deed of trust to advertise the land for sale to reimburse him for the costs thus paid out. C. filed a bill to enjoin the sale. M. answered, and proof was taken by both sides. On final hearing, the bill was dismissed. *Held*, that the bill

land to Peter Crum, the grandfather of L. G. Crum, in order that said Peter Crum might be held harmless from any loss by reason of his signing the bond. Afterward the indictment was quashed and the sureties released. They had employed one G. S. Inge to defend their son, agreeing to pay him a fee of $100. That they turned over to said Inge a horse as part payment of said fee, said horse being worth $100. Shortly after the settlement of the suit a deed, purporting to have been made by plaintiffs and Peter Crum, was recorded, conveying all of the said lands of the plaintiffs, which included their homestead, stating a consideration of $1,000, none of which was ever paid them, and plaintiffs denied absolutely the signing of said deed; that they are illiterate, and the deed is not signed by "mark." This land was subsequently conveyed to several others, all of whom had notice of the facts recited. Plaintiffs ask for a cancellation of all deeds, with the exception of an eighty-acre tract which they are willing shall go to said Inge as additional attorney's fee. The bill was filed against B. W. Brown and Hiram Kennedy. A demurrer was filed, on the ground that W. M. Inge and G. S. Inge were not made parties defendant; that no knowledge is alleged that said Inge knew the land was held in part by Peter Crum, nor showing equity, or bad faith of said Inge; that if any trust in Inge was established by the facts set forth, it was a resulting trust and void under the Statute of Frauds; that Peter Crum is not a party defendant; that they are estopped by their action in conveying the land in fee simple to enable them to make the bond, because they cannot take advantage of their own wrong, which demurrer was sustained.

An amended bill was filed, joining Peter Crum, G. S. Inge, and

should have been maintained, and the sale perpetually enjoined. Mrs. H. had no legal authority to charge her separate estate to indemnify the surety on the recognizance of her son, nor can the deed of trust be maintained as a charge on her income upon the ground that it was executed for the debt of her husband. Chandler *v*. Morgan, 60 Miss. 471.

A married woman who, under the Code of 1871, gave, with her husband, a trust deed on a lot owned by her, to secure several debts, one of which was binding on her, cannot, several years after the trust deed is fully executed by a sale and purchase thereunder by the creditor without objection on her part, and when the property has greatly increased in value, maintain a bill to cancel and redeem, there being no unfairness, fraud, or inequitable advantage in the sale. (Chandler *v*. Morgan, 60 Miss. 471, the case of an unexecuted contract, distinguished.) McDougal *v*. Bank, 62 Miss. 663; Walker *v*. Ross, 65 Miss. 523, 5 So. 107.

W. M. Inge, which was demurred to upon the same grounds as before. The second demurrer was sustained and the bill dismissed. Plaintiffs appeal.

Appealed from Chancery Court, Alcorn county, L. Haughton, Chancellor.

Reversed, demurrer overruled, and remanded thirty days after mandate.

*Attorney for appellant, W. H. Kilpatrick.*

*Attorneys for appellee, Nugent & McWillie.*

Brief of W. H. Kilpatrick:

*  *  *  Under these facts, which are confessed by the demurrer, was the conveyance of the 130 acres of land by the appellants to Peter Crum, Sr., valid? And did it work any divestiture of title? Surely not. It was not such an object for which a married woman could convey or charge her estate. Code of 1871, §§ 1778, 1779, 1780; Davis v. Foy, 7 S. & M. 64; Stephenson v. Osborne, 41 Miss. 119.

On this point, also, see the case recently adjudicated by this court, almost identical in the facts of it with the case at bar. Chandler v. Morgan, 60 Miss. 471.

It is respectfully submitted that the case last cited is decisive of the case under consideration. Indeed, the line of authorities on this point are numerous and unvarying in doctrine. Viser v. Scruggs, 46 Miss. 705; Klein v. McNamara, 54 Miss. 90.

But if it should be held that the conveyance of the land by appellants to Peter Crum, Sr., was valid, and such as a married woman could make under the law, then the facts of the case make Peter Crum the trustee of Elizabeth Crum, and all who hold under him, with a knowledge of the facts, take only such title in the land as he had. Let it be borne in mind that Peter Crum is not, and was not, in any sense the creditor of the appellants. They owed him nothing. He paid out no money for them on any account. Their son was in prison under a serious charge; they desired to effect his deliverance from jail. They were unable themselves to make the necessary bail bond. In

order to enable Peter Crum to qualify and make the necessary bond, and save him harmless against a possible forfeiture of the bond, and any loss he might sustain by it, Elizabeth C. Crum, the mother, conveyed her homestead to him for that purpose, and that purpose alone. Leonard Crum, the son, was released by the judgment of the court, and Peter Crum relieved of any loss or danger of loss. In good conscience, he ought then to have reconveyed the land to appellant. He acted otherwise. His vendees and subvendees knew the conditions of the conveyance to him and stand in his shoes, and cannot plead that they are innocent purchasers without notice. They are the trustees of the appellants. In Freeman v. Wilson, 51 Miss. 329, on page 333, the learned judge who delivered the opinion of the court very lucidly announces the true doctrine on this subject in the following language; he says: "It is now well-settled doctrine in courts of equity, that they will examine into the true character of a conveyance which, on its face, *imports an absolute title*, and will give it effect, as contemplated by the parties, to be ascertained by their contemporaneous and subsequent conduct." And again, "mortgages may not only be created by the express deeds and contracts of the parties but they may also be implied in equity, from the nature of the transactions between the parties." 2 Story Equity Jurisdiction, § 1020; Perkins v. Gibson, 51 Miss. 699–705; Gladney v. Barton, Id. 216; Cameron v. Lewis, 56 Miss. 76; Klein v. McNamara, 54 Miss. 90.

A trust results to the appellants. Flynt v. Hubbard, 57 Miss. 471–474; Taylor v. Moseley, 57 Miss. 544–547; Klein v. Mc-Namara, 54 Miss. 90–102; Jones v. McDougal, 32 Miss. 179; 4 Kent's Commentaries, top pp. 330–335, and notes.

Brief of Nugent & McWillie:

The cases cited as showing want of capacity on the part of Mrs. Crum to make the conveyance to Perter Crum have no application to the facts of this case at bar. That conveyance was an absolute deed expressing a large money consideration paid in cash, and was not a mortgage. A married woman had at the time under the laws of this State the right to sell and convey her property although she could not incumber it save for specific purposes. In this case, she did sell and convey it by an absolute deed under circumstances disclosed by the bill, that now estop her

from setting up her disability. It appears that the conveyance was made in order to invest in Peter Crum the fee simple title to sufficient property to enable him to qualify as surety on the bail bond of his grandson, the son of appellants, and to hear now her plea of her incapacity to make the deed would be allowing Mrs. Crum to take advantage of a fraud practiced on the Circuit Court, or rather the State, whose criminal laws it sought to vindicate. The deed was executed in due form and all the advantage obtained that could follow an absolute investiture of title in Peter Crum, and to countenance or recognize the defense now set up would violate the most well-established maxims of the law and lead to the most abominable consequences.

But treating the conveyance as an incumbrance even, subject to defeasance, we are by no means sure that the contract was one beyond the capacity of a married woman under the authorities cited and the terms of our statute. The boy was one of her family. Was the fee paid to save his person from incarceration within the class of "necessaries" included by the act? We would certainly hesitate to deny it. The statute evidently contemplates all these things necessary for the well-being of the family apart from luxuries and articles of display, and, extending to the education of the children, shows that the legislative intent was not confined to mere victuals and clothes.   *   *   *

The trust sought to be established in the lands is not an implied trust. The bill sets up an express trust resting on the verbal promise of the grantee, and it is not averred that any fraud was contemplated at the time of the making such promise. The subsequent conveyance by the grantee is alleged to be fraudulent, but is not sufficient in the case of one who relies on a verbal promise. The promise must have been fraudulently made for the purpose of obtaining the title, and constitute the first step in a preconcerted plan of deceit. Pomeroy on Equity, § 139.

The agreement relied on is manifestly within the Statute of Frauds. The trust does not arise from the transaction necessarily for the execution of the bond, apart from that money expressed in deed, afforded a consideration, and the trust arises from the agreement and being purely verbal is within the Statute of Frauds. Miazza v. Yerger, 53 Miss. 139; Rutland v. Brister, 53 Miss. 683.

If we admit though that such trust can be shown, the bill is still demurrable for it is not averred that the Messrs. Inge had

notice of it. The allegation on this subject is that they knew. that the " conveyance was made solely for the purpose and to the end that said Peter Crum was to be protected from any loss or liability he might sustain by reason of his becoming the surety of the said L. G. Crum, and for no other purpose whatever."

There is nothing in this of knowledge on their part that Peter Crum was to reconvey or hold the title for the benefit of the grantors, and, in fact, nothing inconsistent with the idea of an absolute grant. They may have known all that is averred and yet thought that the deed was without verbal. conditions. An absolute conveyance was as efficacious to protect the grantee as a defeasible one, and certainly Peter Crum and his grantors had the right to bargain for an absolute conveyance in consideration of his assumption of liability on the bond, and certainly the instrument itself shows that such was the fact. \* \* \*

OPINION.— COOPER, J., delivered the opinion of the court.

The demurrer should have been overruled. Chandler *v.* Morgan, 60 Miss. 470.

Decree reversed, demurrer overruled, and defendant allowed sixty days in which to answer after the mandate shall have been filed in the court below.